Cornetta, Roberta., J.
The parties in this matter have appeared and were heard on cross motions seeking summary judgment (Mass. R. Civ. P. 56).
The plaintiff seeks relief based upon claims of improper foreclosure, various residential lending violations and G.L.Ch. 93A.
The defendants, OneWest Bank Group, L.L.C. and Indymac Financial Services seek summary judgment upon lack of standing grounds, among others argued both in its submission and at hearing.
It is undisputed that at the time the residential mortgage in question was taken out on the subject property that it was taken out by Sergio DeSouza individually. Sometime thereafter, Mr. DeSouza transferred title to the property to himself as Trustee of the Griffo Realty Trust.
The plaintiff, Sergio DeSouza, Trustee of the Griffo Realty Trust, now seeks to bring this action against the defendants for claimed acts and omissions involving the mortgage transaction entered into between Sergio DeSouza individually and certain, if not all of the defendants.
The plaintiff argues (correctly) that 12 USC 1701j-3, regulating due on sale provisions in standard mortgage documents prohibits a qualified residential lender from exercising the right of sale provision in its mortgage held upon the property when the individual borrower places the property in an inter vivos trust after the mortgage transaction closes with the individual borrower.
And, had the lender here foreclosed upon that basis, the plaintiff trustee as well as individually would have standing and would be entitled to relief. However, that is not the issue here.
The issue of standing in this case is whether or not the plaintiff-trustee as a non party to the underlying mortgage transaction can bring claims held by the individual borrower. The answer to that question of course is no, based upon a lack of standing to sue.
Massachusetts trust law establishes specific rights and responsibilities of trustees when they take property in trust. It insulates the property from certain claims persons hold against individuals who at once hold title to property as trustees and not individually.
Since a trustee is not the individual, he/she as trustee can be seen as immune from suit for acts and omissions undertaken by the individual. Concomitantly, the trustee assuming title lacks standing to litigate claims held by the individual after the property has been placed in trust. These rights and responsibilities are not illusory or merely technical. They are readily recognized and enforceable as a matter of law. An individual cannot litigate the claims held by a trustee and a trustee cannot litigate claims held by an individual. Giving additional authority to this proposition is the fact that within this Commonwealth, while an individual can appear in court pro se, a trustee must be represented by legal counsel, once again establishing a bright line dis *539 tinction between actions of individuals versus actions oftrustees.
Since any cognizable actions held by the individual in this case against the defendants cannot be litigated by the trustee, the plaintiffs claims here fail for lack of standing and, as a matter of law, the defendants are entitled to judgment of dismissál.
ORDER
Based upon findings and rulings now entered after hearing and consideration of the parties’ submissions in this matter, the plaintiff-trustee’s motion seeking summary judgment is DENIED and defendants’ summary judgment motions are ALLOWED. Judgment of dismissal, with prejudice shall be entered upon the docket by the Clerk Magistrate as to the plaintiff-trustee’s claims versus all defendants and there shall be no award of costs or fees made as to any party at this time.
Notice shall now be provided to the parties pursuant to Rule 58.